UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIT PATEL,

                              Petitioner,

              -against-

MARK ROCKWOOD,

                              Respondent.

1:21-CV-1501 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in the Gouverneur Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his January 28, 2016 conviction in the New York Supreme Court, New York County. Petitioner has paid the filing fee to bring this action. For the reasons discussed below, the Court denies the petition, but grants Petitioner leave to file a declaration in which he shows that the Court has jurisdiction to consider this petition and that the petition is timely.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

On January 28, 2016, the New York Supreme Court, New York County, convicted Petitioner, after a bench trial, of driving while ability impaired, and sentenced him to a term of incarceration of 180 days. Petitioner appealed. On April 17, 2018, the New York Supreme Court, Appellate Division, First Department, affirmed Petitioner's judgment of conviction. *People v. Patel*, 160 A.D.3d 530 (1st Dep't 2018). On June 28, 2018, the New York Court of Appeals denied leave to appeal. *People v. Patel*, 31 N.Y. 3d 1120 (2018).

Petitioner alleges that on April 18, 2019, he filed an application for error *coram nobis* relief in the Appellate Division. The Appellate Division denied that application on January 2, 2020. And the New York Court of Appeals denied leave to appeal the denial of error *coram nobis* relief on April 28, 2020. Petitioner submitted his 423-page petition for a writ of *habeas corpus* to his prison's mail system for its delivery to this court on February 9, 2021.

## DISCUSSION

**A.    *Habeas corpus* jurisdiction**

A federal district court has jurisdiction to consider a petition for a writ of *habeas corpus* filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court of the United States has interpreted that statutory language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A person is not

"'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original). In addition,

> [i]f . . .  a prior conviction used to enhance a [state] sentence is no longer open to direct or collateral attack in its own right because the [petitioner] failed to pursue . . . remedies while they were available (or because the [petitioner] did so unsuccessfully), then that [petitioner] . . . may not collaterally attack his prior conviction through a [petition] under [§ 2254].

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (internal quotation marks and citation omitted, first alteration in original).

Petitioner seeks *habeas corpus* relief under § 2254 from a state-court judgment of conviction that imposed a 180-day term of incarceration on him on January 28, 2016. But he did not file his § 2254 petition in this court until more than five years later, on February 9, 2021. Thus, because it appears that Petitioner's 180-day sentence expired long before Petitioner filed this petition – and regardless of whether the challenged conviction enhanced a subsequent sentence – the Court appears to lack jurisdiction to consider this petition.

Accordingly, the Court denies the petition for lack for jurisdiction. But in light of Petitioner's *pro se* status, the Court grants Petitioner leave to file a declaration in which he alleges facts showing that he was in custody under the January 28, 2016 New York County judgment of conviction at the time that he submitted his petition to his prison's mail system for delivery to the court.

**B.    Statute of limitations**

Even if the Court has jurisdiction to consider this § 2254 petition, the petition may be time-barred. A prisoner seeking *habeas corpus* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to filing such a petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the

United States, if the right has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges that on January 28, 2016, he was convicted in the New York Supreme Court, New York County. On April 17, 2018, the Appellate Division affirmed the conviction. And on June 28, 2018, the New York Court of Appeals denied leave to appeal. Thus, Petitioner's conviction became final on September 26, 2018, following "the expiration of [the 90-day period of] time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000); S. Ct. R. 13(1). Under § 2244(d)(1)(A), Plaintiff had one year from that date, or until September 26, 2019, to file a timely § 2254 petition.

Under 28 U.S.C. § 2244(d)(2), when postconviction motions or applications are filed before the expiration of the limitations period, those motions or applications and related state-court proceedings may toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions or applications filed after the limitations period expires, however, do not start the limitations period anew. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Thus, tolling under § 2244(d)(2) applies only if a petitioner's postconviction motions or applications were pending within the one-year limitations period.

Petitioner alleges that he filed an application for error *coram nobis* relief in the Appellate Division on April 18, 2019, it was denied on January 2, 2020, and the New York Court of Appeals denied leave to appeal the denial of error *coram nobis* relief on April 28, 2020. Thus, if the Court measures the applicable limitations period under § 2244(d)(1)(A), and the period began

to run on September 26, 2018, then on April 18, 2019, when Petitioner filed his application for

error *coram nobis* relief, six months and 23 days of that period had passed. While Petitioner's

application was pending in the Appellate Division, and while his leave application was pending

in the New York Court of Appeals, the period was tolled under § 2244(d)(2). But the period

began to run again on April 28, 2020, when the New York Court of Appeals denied leave to

appeal. The remainder of the applicable limitations period then expired in October 2020.

Petitioner did not submit his petition to prison officials for its delivery to the court until February

9, 2021. Thus, the petition appears to be time-barred.

Accordingly, the Court concludes that even if the Court has jurisdiction over the petition,

it must be denied as time-barred.[1] But the Court grants Petitioner leave to file a declaration in

which he alleges any facts that show that his petition is timely.[2] Petitioner should also allege any

facts that show that he has been pursuing his rights diligently and that some extraordinary

circumstance prevented him from timely submitting his petition. *See Holland v. Florida*, 560

U.S. 631, 649 (2010) (holding that the one-year limitations period under § 2244(d)(1) is subject

to equitable tolling).

---

[1] Petitioner alleges that there is "newly discovered evidence," and refers to (1) other *habeas corpus* actions he has brought in this court that were dismissed without prejudice, (2) unsuccessful appeals of those dismissals, and (3) a dismissed civil action he brought in another federal district court. (ECF 1-4, at 9.) But he alleges no facts showing why his petition is timely under any of the circumstances listed in § 2244(d)(1).

[2] Petitioner should include in his declaration a listing of (1) the dates that all postconviction motions and applications challenging his New York County conviction were filed in the state courts, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction motions and applications, (2) when any postconviction motions and applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state-court decisions on those motions, applications, and appeals. *See* § 2244(d)(2).

5

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket. The Court alternatively denies the petition for lack of jurisdiction and as time-barred. But the Court grants Petitioner 30 days' leave to file a declaration in which he alleges facts showing that the Court has jurisdiction to consider this petition and that the petition is timely. To comply with this order, Petitioner may use the declaration form that is attached to this order. If Petitioner fails to file a declaration within the time allowed, the Court will enter judgment denying the petition for lack of jurisdiction, and alternatively, as time-barred.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 1, 2021
          New York, New York

_____
          COLLEEN McMAHON
       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____              _____
Executed on (date)                   Signature

_____      _____
Name                                 Prison Identification # (if incarcerated)

_____      _____|_____|_____
Address                              City              State      Zip Code

_____      _____
Telephone Number (if available)      E-mail Address (if available)