UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT PATEL, | |
| Petitioner, | 1:21-CV-1501 (CM) |
| -against- | ORDER |
| MARK ROCKWOOD, | |
| Respondent. | |

COLLEEN McMAHON, United States District Judge:

By order dated April 1, 2021, the Court denied Petitioner's *pro se* petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, for lack of jurisdiction and as time-barred but granted Petitioner 30 days to submit a response showing that the Court has jurisdiction to consider the petition and that the petition is timely. (ECF 7.) The Court received a declaration from Petitioner on April 21, 2021. (ECF 9.) In an order and judgment dated April 28, 2021, and entered the next day, the Court determined that Petitioner had failed to show that the Court has jurisdiction to consider the petition and that the petition is timely; it therefore denied the petition for lack of jurisdiction and as time-barred. (ECF 10 & 11.)

Petitioner is currently incarcerated in the Gouverneur Correctional Facility. On June 1, 2021, the Court received from Petitioner a motion for reconsideration and a notice of appeal (ECF 13 & 14); the envelopes that contained the motion and the notice of appeal appear to have been postmarked on May 20, 2021, and the motion and the notice of appeal were each signed by Petitioner before that date. On June 11, 2021, the United States Court of Appeals for the Second Circuit stayed Petitioner's appeal pending the outcome of Petitioner's motion for reconsideration. *Patel v. Rockwood*, No. 21-1423 (2d Cir. June 11, 2021).

The Court construes Petitioner's motion for reconsideration as brought under Rule 59(e) of the Federal Rules of Civil Procedure and under Local Civil Rule 6.3. For the reasons discussed below, the Court denies the motion.

## DISCUSSION

**A.  Jurisdiction to rule on the motion**

Because Petitioner has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Petitioner's Rule 59(e) motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a timely Rule 59(e) motion, *see* Fed. R. App. P. 4(a)(4)(A)(iv), and (2) files a notice of appeal before the district court disposes of the Rule 59(e) motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). A Rule 59(e) motion must be filed in a district court within 28 days of the entry date of the judgment it challenges. Fed. R. Civ. P. 59(e).

On April 29, 2021, the Clerk of Court entered the judgment denying the petition. (ECF 11.) Thus, the last day to file a timely Rule 59(e) motion to challenge the denial of the petition fell on May 27, 2021.

Petitioner, who is incarcerated, signed his motion for reconsideration on May 10, 2021, and the envelope that contained the motion is postmarked May 20, 2021. Because Petitioner submitted his motion before May 27, 2021, to his prison's mail system for its delivery to the court, the motion is timely. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule). Accordingly, even though Petitioner has filed a notice of appeal, the Court has jurisdiction to consider the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Pena*

2

*v. Downstate Corr. Facility Med. Dep't*, No. 1:19-CV-7336, 2019 WL 6619353, at *1 (S.D.N.Y. Dec. 4, 2019) ("Because the [Rule 59(e)] motion is timely filed and was not disposed of when Plaintiff . . . filed his notice of appeal, under Rule 4 of the Federal Rules of Appellate Procedure, this Court has jurisdiction to rule on the motion."); *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) ("Although a notice of appeal usually divests the district court of jurisdiction, where a party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule 59 motion."); *see also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("[T]he suspension of the effectiveness of the notice of appeal precluded [the Court of Appeals's] jurisdiction to adjudicate the merits of the appeal.").

**B.      Relief under Rule 59(e) and Local Civil Rule 6.3**

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Petitioner has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its April 28, 2021 order and judgment. In his 256-page motion, Petitioner submits numerous documents in support of his claims that his petition is either timely or that the applicable limitations period should be equitably tolled. But Petitioner did not submit these documents to the Court with his petition or in response to the Court's April 1, 2021 order. On a motion for reconsideration, the movant must show that the Court overlooked factual matters that had previously been presented to it – the movant may not present new evidence. But even if Petitioner could show that the petition is timely or that the applicable limitations period should be equitably tolled, he has failed to show that the Court was incorrect in holding that it lacks jurisdiction to consider his petition. The Court therefore denies Petitioner relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

The Court construes Petitioner's motion (ECF 13) as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3. The Court denies the motion. The Court therefore directs the Clerk of Court to terminate ECF 13.

The Court further directs the Clerk of Court to accept no further submissions from Petitioner under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: June 23, 2021
         New York, New York

_____
COLLEEN McMAHON
United States District Judge